## LESTER, In Re.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21251 & 21265.  Decided September 16, 1948

M. M. McCurdy, Walter Booth, Cleveland, for relator.
F. T. Cullitan, County Prosecutor, Cleveland, for respondent.

### OPINION

Per CURIAM:

The foregoing proceedings have been consolidated by order of this court, the first proceeding being an action in habeas corpus brought by the relator against the respondant, George Matowitz, Chief of Police, et al, and the second action being brought by the relator by reason of the fact that he was removed to the custody of the Sheriff of Cuyahoga County, Ohio.

While in the custody of the Chief of Police of Cleveland the relator signed a waiver of extradition and agreed to be returned voluntarily to the jurisdiction of the Tennessee courts. However, at the time of signing this waiver the relator, a minor of seventeen years of age, was represented by counsel who were not notified of the proceedings and relator claims to have been ignorant of the purpose and effect of the waiver. Counsel insists upon the right now to withdraw the waiver and the court grants that request.

Relator is one of two sons of Annie May Hogan.  The relator's Christian name is Ernest Lester who was born April 8, 1931.  His brother, whose real name is Clarence Lester, is

now confined in the Penitentiary in Tennessee under the name of Clarence Brown. He was born February 27, 1928.

It is the claim of relator that he was not within the jurisdiction of the demanding state at the time it is alleged the crime was committed as set forth in the affidavit requesting relator's extradition.

The evidence is uncontradicted that relator was in the City of Cleveland working for the Cleveland Metal Bed Company from June 24, to July 13, inclusive, 1946. The evidence further discloses that the relator remained in Cleveland until some time in August, 1946 before returning to Nashville Tennessee.

The affidavit which accompanied the request for extradition signed by Charles A. Moore who filed the complaint against Clarence Lester for the alleged larceny of barber equipment from affiant's barber shop on July 18, 1946, stated that the said porter was employed in said barber shop during the month of July 1946.

It is clear that the relator could not have been in the employ of the affiant during the whole of that period.

The request for extradition is for Clarence Lester. The relator is Ernest Lester. Therefore, the request is not for this relator who was outside the jurisdiction of the demanding state at the time the crime was committed for which extradition of relator is requested.

From the uncontraverted evidence we are convinced that this is a case of mistaken identity, that Ernest Lester a minor of 17 years of age and who was 15 years of age at the time the alleged crime was committed is not the person described or identified by the affidavit and the warrant from the demanding state.

"The question of identity of a person held under a rendition warrant issued by the governor of the asylum state, with the person described as the alleged fugitive in such warrant and requisition papers is always open to judicial review by habeas corpus since such question is whether the warrant has been executed against the party named herein."

American Juris. Vol. 22, Sec. 20. Extradition. Identity of Accused. See numerous cases therein cited.

For these reasons this court is of the opinion that the writ should be allowed.

Writ allowed. Order. See Journal. Exc.

HURD, PJ, SKEEL, J, concur. MORGAN, J, not participating.